UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RENELLE PEREZ,

       Plaintiff,

v.

PARAMOUNT RECOVERY SYSTEMS,

       Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, RENELLE PEREZ, by and through undersigned counsel, and brings this action against the Defendant PARAMOUNT RECOVERY SYSTEMS (hereafter "Paramount") and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, Paramount was and is a Texas corporation duly authorized to conduct business in Florida, having registered with the Florida Department of State, Division of Corporations.

8. At all times relevant to this Complaint, Paramount, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(6).

9. At all times relevant to this Complaint, Paramount, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(3).

10. At all times relevant to this Complaint, Paramount regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

11. At all times relevant to this Complaint, Paramount was acting as a debt collector with respect to the collection of Plaintiff's' alleged debt.

12. The principal purpose of Paramount's business is to collect payment on debts.

13. Paramount was either hired to collect the disputed debt at issue in this case or alternatively was attempting to collect the disputed debt for itself.

14. The debt that Paramount sought to collect from Plaintiffs is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

15. At all times relevant to this Complaint, Plaintiffs, were and are natural persons, and a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §1.01(3), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

16. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(6).

## BACKGROUND AND GENERAL ALLEGATIONS

17. On or about October 11, 2017, Plaintiff was seen in the emergency room at Mount Sinai Medical Center located in Miami, Florida.

18. Although Plaintiff does not recall the name of the doctor or the doctor's employer, Sterling Emergency Services of Miami Beach, PA submitted a bill for emergency department services and physicians service to Plaintiff's health insurance company, Avmed.

19. The explanation of benefits from Avmed indicates that Sterling Emergency Services of Miami Beach, PA billed $865.00 to Avmed for the services rendered.

20. Avmed allowed $110.43 for the services per the contract with hospital limiting the amount of compensable charges and paid that amount in full to Sterling Emergency Services of Miami Beach, PA with no additional payment responsibility from Plaintiff.

21. Plaintiff is not indebted to Sterling Emergency Services of Miami Beach, PA in any way.

22. However, despite the fact that Plaintiff is not indebted to Sterling Emergency Services of Miami Beach, PA, Defendant has unlawfully attempted to collect $2,275.00 from Plaintiff on behalf of Sterling Emergency Services of Miami Beach, PA.

23. This amount is even greater than the total amount billed to Avmed.

24. On or about June 10, 2020 Defendant furnished to Experian, a national credit bureau, that Plaintiff was in collections with Defendant's company for $2,275.00 and that Sterling Emergency Services of Miami Beach, PA is the original creditor.  A copy of the relevant page from Plaintiff's credit report is attached hereto as Exhibit "A".

25. Defendant updated the balance with Experian again on July 22, 2020.

26. At least one purpose for furnishing the information was to induce Plaintiff to pay a debt that is not even owed.

27. Defendant's reporting that Plaintiff is indebted in the amount of $2,275.00 is also false and misleading in that even if a debt was owed, it is more than 2.5 times the total bill from Sterling Emergency Services of Miami Beach, PA in the first place.

28. Plaintiff was completely unaware that any negative information was furnished to Experian until approximately October 26, 2020.

29. Defendant's unlawful collection efforts have caused Plaintiff emotional distress in the form of aggravation, stress, loss of sleep, embarrassment, and other stress related symptoms.

30. The emotional distress is heightened in that Plaintiff is in the process of purchasing a home and applying for a mortgage and Defendant's unlawful collection efforts are hampering her ability to do so given that fact that this negative furnishing has had a detrimental impact on her credit score.

**COUNT I-VIOLATION OF FDCPA: 15 USC 1692e**

31. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

32. 15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

<u>15 U.S.C. § 1692e</u>

33. Defendant has violated 15 U.S.C. §1692e by reporting to Experian that Plaintiff is indebted to Defendant as the debt collector for either Sterling Emergency Services of Miami Beach, PA or itself, when in fact, Defendant is not indebted at all to Defendant or Sterling Emergency Services of Miami Beach, PA.

34. Defendant has further violated 15 U.S.C. §1692e by reporting to Experian that Plaintiff is indebted to Defendant on behalf of Sterling Emergency Services of Miami Beach, PA in the amount of $2,275 which is more than 2.5x of the original bill in total.

35. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

36. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged as more particularly described in paragraphs 29 and 30 of this complaint.

37. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

38. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692f

39. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

40. 15 U.S.C. §1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

<u>15 U.S.C. § 1692f(1)</u>

41. Defendant has violated 15 U.S.C. §1692f by furnishing to Experian that Plaintiff is indebted to Defendant when the contract between Avmed and Sterling Emergency Services of Miami Beach, PA controls the amount of allowed charges for emergency room services.

42. That very contract prohibits Sterling Emergency Services of Miami Beach, PA from charging insureds, such as Plaintiff, in excess of the allowed amount.

43. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692f.

44. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged as more particularly described in paragraphs 29 and 30 of this complaint.

45. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

46. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

### COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

47. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30.

48. Florida Statutes § 559.72(9) states:

> "In collecting debts, no person shall…
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

49. By reporting to Experian that Plaintiff is indebted to Defendant or Sterling Emergency Services of Miami Beach, PA, Defendant has claimed, attempted, or threatened to enforce a debt when Defendant knew that debt was not legitimate.

50. Defendant's knowledge that the debt was not legitimate is based on the fact that the debt reported greatly exceeds the total amount of services billed, and the fact that Avmed paid the allowed amount in full without requiring any contribution from Plaintiff.

51. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

52. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged as more particularly described in paragraphs 29 and 30 of this complaint.

53. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

54. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Renelle Perez, respectfully asks this Court to grant judgment in her favor against Defendant for:

(a) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(b) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Renelle Perez, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Matthew D. Bavaro*
Matthew D. Bavaro, Esq.
Florida Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
3201 Griffin Road
Suite #100
Fort Lauderdale, FL 33312
Telephone:   (954) 523-4357
Facsimile:   (954) 581-2786

## Collections

**PARAMOUNT RECOVERY SYS**
CRMCCRXXXXXXXXXXXXXX

### ACCOUNT DETAILS

| | |
|---|---|
| Account Name | PARAMOUNT RECOVERY SYS |
| Account # | CRMCCRXXXXXXXXXXXXXX |
| Original Creditor | STERLING EMER SVCS MIAMI BEACH |
| Company Sold | - |
| Account Type | COLLECTION |
| Date Opened | Jun 10, 2020 |
| Account Status! | - |
| Payment Status | Seriously past due date / assigned to attorney, collection agency, or credit grantor&apos;s internal collection department |
| Status Updated | Jun 2020 |
| Balance | $2,275 |
| Balance Updated | Jul 22, 2020 |
| Original Balance | $2,275 |
| Monthly Payment | - |
| Past Due Amount | $2,275 |
| Highest Balance | - |
| Terms | 1 Month |
| Responsibility | Individual |
| Your Statement | - |
| Comments | - |

### CONTACT INFORMATION

PO BOX 23369
WACO, TX 76702
(866) 250-7007

### PAYMENT HISTORY

**2020**
Jan Feb Mar Apr
☐ ☐ ☐ ☐
May Jun Jul Aug
☐ ☐ [N] ☐
Sep Oct Nov Dec
☐ ☐ ☐ ☐

[N] Negative     ☐ Data Unavailable

**EXHIBIT "A"**